# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, | :<br>:<br>: |
| Plaintiff, | :<br>: CIVIL ACTION<br>: |
| v. | :<br>: |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, | : NO. 18-cv-01839-MMB<br>: |
| Defendant. | :<br>: |

**THE CENTER FOR INVESTIGATIVE REPORTING'S MOTION TO COMPEL**

In accordance with paragraph 3 of the Court's Order (Dkt. 26) of September 14, 2018, Plaintiff, The Center for Investigative Reporting ("CIR") respectfully submits this Motion to Compel and avers as follows:

1. On Monday, September 17, 2018, CIR's counsel sent a letter to SEPTA's counsel concerning certain of SEPTA's discovery responses and intentions at trial, scheduled for October 1, 2018. *See* Letter from J. Stapleton to M. Madden (Sept. 17, 2018), attached as Exhibit A. Although the Court can dispose of this action on the evidence already in the record, CIR requested certain information that would aid in the orderly presentation of evidence at trial, if the Court sets the case for trial, and would help answer certain questions the Court had posed to the parties.

2. To date, CIR has not received a response from SEPTA, although CIR acknowledges that SEPTA's counsel was traveling out-of-state earlier this week. CIR is hopeful

that it will be able to reach agreement with SEPTA on many or all of these issues, but files this Motion to Compel out of an abundance of caution and to comply with the Court's Order.

3. Paragraph 1 of CIR's letter seeks an explanation from SEPTA why certain advertisements that CIR has learned were submitted to SEPTA by non-parties were not included in SEPTA's document productions despite CIR's understanding that SEPTA had agreed to produce all advertisements submitted to SEPTA under the 2015 Advertising Standards.

4. Paragraph 3 of CIR's letter seeks SEPTA's stipulation to certain statistical facts regarding SEPTA's acceptance and rejection of advertisements since implementation of the 2015 Advertising Standards. CIR seeks such information because SEPTA's discovery responses were insufficient to determine the statistical facts with exact precision, and when CIR approximated SEPTA's volume and rates of acceptance and rejection in CIR's Motion, SEPTA's Brief implicitly criticized CIR's approximations. Alternatively, Paragraph 3 of CIR's letter asks SEPTA to immediately supplement its discovery responses to provide sufficient information for CIR to determine the facts for itself regarding how many advertisements SEPTA has accepted or rejected and the bases for each such rejection.

5. In an effort to answer questions posed by the Court during the September 13, 2018 oral argument, Paragraph 4 of CIR's letter seeks certain stipulations regarding SEPTA's control over the newsfeeds that run in SEPTA's digital displays, or alternatively, that SEPTA immediately supplement its responses to CIR's Interrogatory No. 7 and Request for Production No. 8. *See* Ex. 24, attached to CIR's Motion for Preliminary Injunction.

6. Paragraph 6 of CIR's letter seeks SEPTA's position regarding whether SEPTA's counsel will accept service of subpoenas and/or facilitate the service of trial subpoenas upon

three SEPTA employees and two Intersection employees. CIR may call these witnesses to testify at trial if the parties are unable to reach agreement on certain stipulations prior to trial.

7. Paragraph 7 of CIR's letter seeks SEPTA's disclosure of any witnesses SEPTA intends to offer at trial.

8. Paragraph 8 of CIR's letter seeks SEPTA's disclosure of any additional exhibits SEPTA intends to offer at trial.

**WHEREFORE**, CIR respectfully requests that Court order SEPTA to substantively respond to paragraphs 1, 3, 4, 6, 7, and 8 of CIR's letter by 9 a.m. on Monday, September 24, 2018.

|  |  |
|---|---|
| September 21, 2018 | Respectfully submitted,<br><br>HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER<br><br>By: *John S. Stapleton*<br>    John S. Stapleton (PA ID No. 200872)<br>    Dylan J. Steinberg (PA ID No. 203222)<br>    Rebecca S. Melley (PA ID No. 206210)<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103<br>(215) 568-6200<br>jstapleton@hangley.com<br>dsteinberg@hangley.com<br>rmelley@hangley.com<br><br>ACLU OF PENNSYLVANIA<br><br>By: *Molly Tack-Hooper*<br>    Molly Tack-Hooper (PA ID No. 307828)<br>    Mary Catherine Roper (PA ID No. 71107)<br>P.O. Box 60173<br>Philadelphia, PA 19102<br>(215) 592-1513<br>mroper@aclupa.org<br>mtack-hooper@aclupa.org |

Brian Hauss, *pro hac vice*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 548-2500
bhauss@aclu.org
Seth Kreimer (PA ID No. 26102)
3400 Chestnut Street
Philadelphia, PA 19104
(215) 898-7447
skreimer@law.upenn.edu

D. Victoria Baranetsky, *pro hac vice*
THE CENTER FOR INVESTIGATIVE
REPORTING
1400 65th Street, Suite 200
Emeryville, CA 94608
(510) 982-2890 ext. 390
vbaranetsky@revealnews.org

# CERTIFICATE OF SERVICE

I, John S. Stapleton, hereby certify that on September 21, 2018, a true and correct copy of the foregoing document was served upon the individuals listed below via the Court's ECF system:

    Maryellen Madden
    John J. Powell
    MONTGOMERY MCCRACKEN
    1735 Market Street
    Philadelphia PA 19103-7505
    (215) 772-1500
    mmadden@mmwr.com
    jpowell@mmwr.com

    Gregory J. Krock
    BUCHANAN INGERSOLL & ROONEY PC
    One Oxford Centre
    301 Grant Street, 20th Floor
    Pittsburgh, PA 15219
    (412) 562-3983
    gregory.krock@bipc.com

    *Counsel for Defendant Southeastern*
    *Pennsylvania Transportation Authority*

                              *John S. Stapleton*
                              John S. Stapleton