IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE CENTER FOR INVESTIGATIVE REPORTING**<br><br>v.<br><br>**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY** | **CIVIL ACTION**<br><br>**NO. 18-1839** |

### FINAL JUDGMENT AND DECREE

AND NOW, this 20th day of December, 2018, for the reasons set forth in the Court's Memorandum Opinion of November 28, 2018 (ECF 55), this Court finds that Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") acted reasonably in the application of its Advertising Standards and in rejecting the advertisement submitted by Plaintiff The Center for Investigative Reporting ("CIR"). This Court further holds that portions of SEPTA's Advertising Standards are overbroad and must be stricken to nullify the threat of unfettered discretion on the part of SEPTA and that SEPTA's policy in its Advertising Standards, as revised, effectively permitting advertisements that are commercial or that promote public services, but rejecting ads on political, economic, historical, religious, or social issues, is constitutional. Accordingly, it is hereby **ORDERED** that:

1. Defendant SEPTA is directed to revise its Advertising Standards (Trial Ex. 22, at II(A)(9)(b)(iv)(a) & (b)) as follows:

    (a) Advertisements promoting or opposing a political party, or promoting or opposing the election of any candidate or group of candidates for federal, state, judicial or local government offices are prohibited. In addition, advertisements that ~~are political in nature or~~ contain political messages, including advertisements involving political or judicial figures ~~and/or advertisements involving an issue that is political in nature in that it directly or indirectly implicates the action, inaction, prospective action or policies of a government entity~~.

  (b)  Advertisements expressing or advocating an opinion, position or viewpoint on ~~matters of public debate about~~ economic, political, religious, historical or social issues.

2.  SEPTA is directed to include or append a formalized meet-and-confer program in or to its Advertising Standards as follows:

> If SEPTA determines that a proposed advertisement is prohibited under one or more of the categories in subsection 9(b)(iv), the party or parties proposing the advertisement may request that SEPTA reconsider its determination. Upon receiving such request, SEPTA's General Counsel or his or her designee will offer to meet and confer with the party or parties proposing the advertisement, to be conducted by telephone or as SEPTA and the proposing party may otherwise agree, in a reasonable effort to revise the proposed advertisement to make it comply with SEPTA's Advertising Standards.

The Court further directs that SEPTA's Advertising Standards, as revised, be posted on its website.

3.  With respect to the facial First Amendment challenge of plaintiff , the court enters judgment for plaintiff, in part, and for defendant, in part. With respect to the as-applied First Amendment challenge of plaintiff, the Court enters judgment for defendant.

4.  CIR shall submit any application for fees and costs pursuant to 42 U.S.C. § 1988 or any other provision of law or any motion for extension of time to file such an application within fourteen (14) days of entry of this Order.

5.  The Plaintiff's Motion to Compel (ECF 30) is hereby **DENIED** as **MOOT**.

             **BY THE COURT:**

             /s/ Michael M. Baylson
             **MICHAEL M. BAYLSON**
             **United States District Court Judge**

O:\CIVIL 18\18-1839 Ctr for Investig Reporting v SEPTA\18cv1839 Final Decree.docx